**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 30 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

KAREN SHUBBUCK,

        Plaintiff-Appellant,

v.

EVERETT L. FROST, President of
Eastern New Mexico University;
GORDON MACK, Vice-President of
Student Affairs--Eastern New Mexico
University, both in their individual
capacities,

        Defendants-Appellees.

No. 96-2120
(D.C. No. CIV-95-826)
(D.N.M.)

ORDER AND JUDGMENT[*]

Before ANDERSON, KELLY, and LUCERO, Circuit Judges.


        Plaintiff-appellant Karen Shubbuck appeals from the district court's order

of summary judgment in favor of defendants-appellees.[1] We affirm.

---

[*]      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]      After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is

(continued...)

The essential facts are undisputed. On August 22, 1994, appellant signed a contract with Eastern New Mexico University (ENMU) which appointed her its Director of Financial Aid, effective August 15, 1994. The contract called for her to serve a probationary period of twelve calendar months in accordance with ENMU's Professional Employees Handbook. On June 13, 1995, appellee Gordon Mack sent appellant an offer of continued employment, from July 1, 1995 to June 30, 1996. His offer stated, in part, as follows:

> Your contractual employment relationship with the University is governed by several policies which relate to job performance, compliance with federal laws, state statutes, the Board of Regents' policies, attendance at various University ceremonies and programs if required by the administration (i.e., graduations, inaugurations, etc.), and the availability of program funds.
>
> It is your responsibility as a University employee to: (a) perform your assigned duties to meet or surpass expectations; and (b) adhere to University policies and various federal and New Mexico laws (including but not limited to the Professional Employee's Handbook . . . ).

Appellant's App. at 15.

Appellant signed the offer on June 20, 1995. Appellee Mack then sent her a second letter, dated June 20, 1995, notifying her that she was relieved of her responsibilities as Director of Financial Aid effective July 21, 1995. As grounds for firing appellant, this second letter referenced a section of the Professional

------

[1](...continued)
therefore ordered submitted without oral argument.

Employees Handbook which allowed ENMU to terminate a probationary employee's employment during her twelve-month probationary period.

Appellant thereafter brought this complaint pursuant to 42 U.S.C. § 1983, alleging that appellees terminated her employment without due process. The district court granted summary judgment for appellees on the basis that appellant had no property interest in her position with ENMU, and therefore no claim for violation of due process.

We review the district court's order of summary judgment de novo, applying the same standards as the district court. David v. City & County of Denver, 101 F.3d 1344, 1355 (10th Cir. 1996). Factual disputes must be resolved and inferences drawn in favor of the nonmoving party. Id. Summary judgment is warranted only if the uncontroverted material facts establish that the moving party is entitled to judgment as a matter of law. Id.

In order to prove a violation of due process, a plaintiff must first establish that she has a protected interest. See Board of Regents v. Roth, 408 U.S. 564, 576 (1972); see also Double J. Land & Cattle Co. v. United States Dep't of Interior, 91 F.3d 1378, 1380-81 (10th Cir. 1996). To determine appellant's property interest in her employment, we look to New Mexico contract and employment law. See Jones v. University of Cent. Okla., 13 F.3d 361, 364-65 (10th Cir. 1993) (property interests established under state law).

In <u>Richardson v. City of Albuquerque</u>, 857 F.2d 727, 732-33 (10th Cir. 1988), we held that under New Mexico law, a probationary employee whose appointment was tentative, who could be terminated at any time during the probationary period if she was not suitable, and who could be dismissed at the end of the probationary period absent positive action to grant her nonprobationary status, did not have a property interest in continued employment. Here, under the terms of the Professional Employees Handbook, appellant could be fired at "any time" during her twelve-month probationary period, "without cause or recourse upon a minimum of one months advance notice, in writing." Appellant's App. at 17. Thus, under <u>Richardson</u>, if appellant was still a probationary employee at the time of her firing, she had no property interest in continued employment.

Appellant's probationary period began August 15, 1994, and was to extend twelve months from that date. Appellant argues, however, that the offer of June 13, 1995, which she accepted, gave her a reasonable expectation of continued, nonprobationary employment through June 30, 1996. We disagree. The June 13, 1995 offer contains no explicit reference to early termination of the probationary period. Nor can an intent to waive the probationary period reasonably be implied from it.

Under New Mexico law, "the intent to waive contractual obligations or conditions may be implied from a party's representations that fall short of an

express waiver, or from his conduct." J.R. Hale Contracting Co. v. United New Mexico Bank, 799 P.2d 581, 585 (N.M. 1990). Evidence is lacking that ENMU's second offer created an implied waiver of the probationary period, for two reasons.

First, the offer stated that appellant's continued employment was governed by ENMU "policies which relate to job performance" and that appellant must "adhere to University policies" "including but not limited to the Professional Employees Handbook." Appellant's App. at 15. The handbook, of course, contains explicit references to the twelve-month probationary period.

Second, in order to assert waiver in New Mexico, a party must show either exchange of consideration or detrimental reliance. Id. at 586. No consideration, other than the continued employment itself, has been shown. The only evidence of detrimental reliance is appellant's statement that she uprooted her family from Connecticut to come work for the University. Appellant's App. at 24. However, the court reads that statement to mean that she moved to New Mexico at the time of the first contract, a year earlier. Moreover, the letter firing appellant is dated within a week of the second offer; in fact, it is dated the same day she signed the offer signifying her acceptance. Appellant lived, at most, only one or two days under the false impression that she had another year's worth of employment with the University. This does not rise to the level of detrimental reliance. We

conclude that at the time of her termination, appellant was still a probationary employee, and did not have a property interest in continued employment which would give rise to a claim of violation of due process.

The judgment of the United States District Court for the District of New Mexico is therefore AFFIRMED.

Entered for the Court


Carlos F. Lucero
Circuit Judge